## F. M. BOHANNANK v. W. C. MILLS.

**Pleading—Answer—Set-offs.**

An answer setting up a set-off for "services rendered, cash advanced, loaned, etc.," cannot be held good for an item in the account "for board of negro boy." The "etc." cannot be regarded as an allegation to anything.

**Attorney and Client—Continuance of Cause—Withdrawal of Attorney from the Case.**

Upon calling of a cause, for trial, if counsel withdraws and has his name stricken from it, it is the duty of the court to continue the action and award a rule against plaintiff to prosecute his suit. A dealy for such rule can rarely produce injury when to give judgment immediately upon withdrawal of counsel, is fraught with great danger to the client.

APPEAL FROM JEFFERSON COURT. C. P.

September 19, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The allegations of the answer setting up an off-set and asking

judgment over are for *"services rendered, cash advanced, loaned, &c."* In the account filed are the following items, which constituted the greater part of the claim for $314 set up as the off-set:

| | |
|---|---:|
| Board of negro boy James from April 1, 1865, to September 25, 1865 | $178 |
| Board for negro girl Mat | 30 |
| | ——— |
| Making an aggregate sum of | $208 |

Whatever may be said of the imperfection of the reply, it was not more so than the answer and set-off, for the allegation of "services and cash advanced and loaned," could not authorize a recovery for board; the "&c.," as Lord Coke long since said, "means anything or nothing," and therefore cannot be regarded as an allegation as to any thing.

Strike these items for $208 from the set-off, and there remains $106—when the plaintiff acknowledges an indebtedness of $120 to the defendant, showing a right of recovery in him of $14. But as a jury on a previous trial found for plaintiff $131.60-100, which the court set aside because it supposed the set-off not replied to, overlooking the imperfection of the answer, and as on the calling of the cause the plaintiffs counsel had their names stricken from it, the court should have continued the cause with a rule against the plaintiff to prosecute his suit; this would be but fair to him if his counsel for justifiable cause, unknown to him, should abandon the case, and but fair to the court to ascertain whether practitioners in his court for an unjustifiable cause or censurable practice has adopted such a course.

A delay for such rule can rarely produce injury, when to give judgment immediately upon counsel's withdrawal from a case is fraught with great danger to the client.

Wherefore, the judgment is reversed, with directions for a new trial and with leave to either party to amend and perfect their pleadings.

*Marshall & Clarke, Harlan & Newman, for appellant.*

*Mix, for appellee.*